UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDRE LADIKA and LUISA ERESBINDA
LADIKA,

          *Appellants*,

    v.

STATE OF NEW JERSEY et al.,

          *Appellees*.

No. 24-cv-10892 (MEF)

**OPINION and ORDER**

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history of this case.

\*    \*    \*

The case in a nutshell:

A couple[1] defaulted on their home loan, and a foreclosure judgment[2] was entered against them by a New Jersey state court. The couple then sued three governmental entities[3] in federal bankruptcy court --- claiming that the foreclosure judgment was unlawful.[4]

---

[1] Andre Ladika and Luisa Ladika.

[2] See Final Judgment in Foreclosure, The Bank of N.Y. Mellon v. Ladika, No. F 004642-13 (N.J. Super. Ct. Ch. Div. Feb 6, 2023).

[3] The entities: the State of New Jersey, the New Jersey Judiciary, and the Superior Court of New Jersey.

[4] See Complaint at 10, Ladika v. Superior Court of New Jersey, No. 24-01142 (Bankr. D.N.J. Mar. 11, 2024) (ECF 1).

The bankruptcy judge dismissed the case,[5] and this appeal followed.

From here, the two people who sued are called "the Appellants."

The Court's bottom-line conclusion: this case must be dismissed. There is no jurisdiction here.

*    *    *

Start with some legal background.

The jurisdiction of the lower federal courts is set by the United States Congress. See Patchak v. Zinke, 583 U.S. 244, 252 (2018); Sheldon v. Sill, 49 U.S. (8 How.) 441, 442 (1850).

And Congress has given jurisdiction to review state-court judgments to the United States Supreme Court. See 28 U.S.C. § 1257.

This grant of jurisdiction implies that other federal courts (including federal district courts) generally have no role to play in reviewing state court judgments.[6]

To effectuate this implicit limit, the so-called Rooker-Feldman doctrine has been developed.

The doctrine "precludes a United States district court from exercising . . . jurisdiction" over a given case, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005), and it applies where "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by [a] state-court judgment[]; (3) th[e] judgment[] w[as] rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgment[]." Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (cleaned up).

Here, each of these four boxes is checked.

---

[5] See Decision and Order Re: Defendants' Motion to Dismiss (ECF 1-3) at 2.

[6] One key exception to this: habeas corpus. In habeas cases, the governing statute, see 28 U.S.C. § 2254(a), gives federal district courts power to review state-court judgments under which a person is in custody.

<u>First</u>, the Appellants are "federal plaintiff[s]" who "lost in state court." <u>Id</u>. at 166.

"[F]ederal plaintiff[s]" because they kicked off this federal lawsuit. <u>See</u> Complaint at 10, <u>Ladika</u> v. <u>Superior Court of New Jersey</u>, No. 24-01142 (Bankr. D.N.J. Mar. 11, 2024) (ECF 1). Who "lost" because a foreclosure judgment was entered against them. <u>See</u> Final Judgment in Foreclosure, <u>The Bank of N.Y. Mellon</u> v. <u>Ladika</u>, No. F 004642-13 (N.J. Super. Ct. Ch. Div. Feb 6, 2023). "[I]n state court" because that is where the foreclosure judgment was entered. <u>See</u> <u>id</u>.

<u>Second</u>, the Appellants "complain of injuries caused by [a] state-court judgment[]." <u>Great W. Mining & Min. Co.</u>, 615 F.3d at 166 (cleaned up).

The "injur[y]" that is "complain[ed] of" here is the possible sale of their house.[7] <u>See</u> Complaint at 12-13. Such a sale would be facilitated by the state-court foreclose judgment --- because it cuts off the interest the Appellants had in the house.

<u>Third</u>, the state court judgment (issued in 2023) came before this federal lawsuit (initiated in 2024).[8]

<u>Fourth</u>, the Appellants "invit[e] the district court to review and reject the state judgment[]." <u>Great W. Mining & Min. Co.</u>, 615 F.3d at 166 (cleaned up).

In particular, they ask for a determination that the state-court foreclosure judgment was "void," Complaint at 15 --- apparently[9] because it was entered in violation of the Appellants' due process and equal protection rights. <u>See</u> Complaint at 12-14.[10]

---

[7] The house has apparently not yet been sold pursuant to the foreclosure judgment. <u>See</u> Notice of Motion for Relief From the Automatic Stay and Co-Debtor Stay at 2, <u>In re Ladika</u>, No. 23-18387 (Bankr. D.N.J. Jan. 15, 2026) (ECF 63).

[8] For the supporting sources, see footnotes 2 and 4.

[9] "Apparently" because the Appellants' <u>pro se</u> federal complaint is hard to follow. (The Court has read it "liberally," as it must. <u>See</u>, <u>e.g.</u>, <u>Dluhos</u> v. <u>Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003).)

[10] The Appellants also seem to suggest that the state court did not have jurisdiction. <u>See</u> Complaint at 23. This is said to be another reason why the foreclosure judgment is void.

What this adds up to: the relevant four-part test is satisfied and the Court therefore does not have jurisdiction over this case.  The Appellants are, in essence, asking a federal district court to undo a state-court foreclosure judgment.  The Rooker-Feldman doctrine forbids that, and courts across the Nation have consistently come to this same conclusion.  See, e.g., Eisenhart v. Eagle Cnty. Sheriff's Off., 2024 WL 3594357, at *1, *3 (10th Cir. July 31, 2024) (holding that Rooker-Feldman barred due process and equal protection challenges to state-court foreclosure judgment); Thomas v. Vergara, 2025 WL 3458594, at *1, *3-4 (M.D. Fla. Dec. 2, 2025) (same); Laverpool v. Taylor Bean & Whitaker Reo LLC, 229 F. Supp. 3d 5, 12-13, 18 (D.D.C. 2017) (same); Mather v. Territorial Sav. Bank, 2014 WL 6471372, at *3 (D. Haw. Nov. 17, 2014) (similar); Taggart v. Trauger, 2025 WL 3280944, at *2, *4 (E.D. Pa. Nov. 24, 2025) (similar).

\*    \*    \*

Against the idea that there is no jurisdiction here, the Appellants press three main counterarguments.

These do not work.

\*    \*    \*

The first counterargument is that Rooker-Feldman does not apply to bankruptcy claims.  See Motion to Strike (ECF 19) at 4-5.

But this cannot be squared with the Third Circuit's decision in In re Knapper, 407 F.3d 573 (3d Cir. 2005).

There, two state-court foreclosure judgments were entered against a woman, and the relevant properties were then sold.  See id. at 575-76.  The woman filed for bankruptcy and brought an adversary proceeding against the property buyer --- "seeking to have the two pre-petition . . . sales vacated." Id. at 576-77.

The court of appeals instructed the district court to dismiss the complaint under the Rooker-Feldman doctrine.  See id. at 582, 584.  It noted that its "analysis [was] not altered by the fact that [the woman's] federal claim [was] cloaked in the guise of an adversary proceeding in bankruptcy court."  Id. at 581 (citations omitted).  The reason why: even in that context, "Rooker-Feldman still applies."  Id.

Knapper makes clear that the Rooker-Feldman doctrine covers adversary bankruptcy proceedings, like the one brought here by

4

the Appellants. <u>See</u> <u>also</u> <u>In re Madera</u>, 586 F.3d 228, 232 (3d Cir. 2009) ("We have held that . . . [<u>Rooker</u>-<u>Feldman</u>] applies equally to federal bankruptcy courts.").[11]

\*   \*   \*

The Appellants' second counterargument: a statute (Title 11, United States Code, Section 105) allows for "collateral attacks [in bankruptcy court] on the validity of foreclosure [judgments]." Reply Memorandum of Law (ECF 23) at 3.

This is not persuasive.

Section 105(a) empowers federal bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

But this statute does not purport to give bankruptcy courts power to hear cases they could not otherwise take up. <u>See</u> <u>Harrington</u> v. <u>Purdue Pharma L.P.</u>, 603 U.S. 204, 216 n.2 (2024) (Section 105(a) "serves only to carry out authorities expressly conferred elsewhere in the code") (cleaned up); <u>In re Joubert</u>, 411 F.3d 452, 455 (3d Cir. 2005) (Section 105(a) "does not create substantive rights that would otherwise be unavailable under the Bankruptcy Code") (cleaned up).

\*   \*   \*

The Appellants' third and final counterargument: another statute (Title 11, United States Code, Section 525) allows bankruptcy courts to hear challenges to state-court foreclosure judgments. <u>See</u> Reply Memorandum of Law at 3.

But whatever else might be said about Section 525, no part of the statute fits this case.

Section 525(a) prohibits "governmental unit[s]" from engaging in certain types of bankruptcy-related discrimination when they make employment decisions or decisions regarding permits,

---

[11] <u>Accord</u>, <u>e.g.</u>, <u>In re Mehl</u>, 660 B.R. 353, 359–364 (Bankr. S.D.N.Y. 2024); <u>In re Soriano</u>, 587 B.R. 371, 386–87 (Bankr. W.D. Okla. 2018); <u>In re Washington</u>, 469 B.R. 587, 594–95 (Bankr. W.D. Pa. 2012); <u>In re Letennier</u>, 2024 WL 1596883, at \*6–7 (Bankr. N.D.N.Y. Apr. 11, 2024).

franchises, and the like.  See 11 U.S.C. § 525(a).  But none of that is on the table here.

Section 525(b) forbids certain bankruptcy-related discrimination by private employers.  See id. § 525(b).  But that is not in play.  This case was brought against governmental entities, not private employers.

And the last part of Section 525, Section 525(c), relates to bankruptcy-related discrimination in student loan programs.  See id. § 525(c).  That is not relevant here, either.

                    *    *    *

The bankruptcy court's decision dismissing the adversary complaint is affirmed.[12]

IT IS on this 23rd day of January, 2026, SO ORDERED.

                                    _____
                                    Michael E. Farbiarz, U.S.D.J.

---

[12]  Given this, the motion to strike at ECF 19 is denied as moot.